[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-13287
Non-Argument Calendar
_____

D. C. Docket No. 04-60353-CV-FAM

JASON GAMBA,

Plaintiff-Appellant,

versus

CITY OF SUNRISE, a municipal corporation,

Defendant-Appellee,

ROBERT MISITI, Captain, et al, individuals,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 16, 2005)**

Before BLACK, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Jason Gamba brought this action claiming that the City of Sunrise (the "City") unlawfully terminated and retaliated against him in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2614(a)(1) (the "FMLA"). Gamba was a probationary police officer for the City, but was terminated for failing to complete his probationary period satisfactorily. Gamba contends that his termination was in retaliation for having requested leave under the FMLA.

The FMLA does not insulate an employee who has requested medical leave from being terminated for poor performance. So long as the employer would have taken the same action it did regardless of the request for leave, there is no statutory violation. *Strickland v. Water Works and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199 (11th Cir. 2001). Although Gamba contends his termination was in retaliation for having requested leave under FMLA, the City's position that he was terminated after numerous documented instances of unsatisfactory job performance is well-supported by the record. Gamba was given, and does not dispute that he received, several written notices of problems in his job performance during his probationary period.

The district court noted that Gamba "produced virtually no evidence in response" except to point to the temporal relationship between the leave request

2

and his termination. Where the employer produces significant evidence of the employee's poor performance, it is not enough that the request for leave and the termination are closely related in time. *Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001) (affirming summary judgment for employer where employee presented virtually no evidence, other than temporal proximity of the events).

Having carefully reviewed the briefs and the record, and finding no error in the district court's order granting summary judgment, we conclude that the judgment is due to be

AFFIRMED.